UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOHN RAGIN, #1355505,**

    Petitioner,

v.                                                                                     Civil Action No.: 2:22-cv-337

**HAROLD W. CLARKE, Director,
Department of Corrections, et al.**

    **Respondents.**

## REPORT AND RECOMMENDATION

Pro se Petitioner John Ragin ("Ragin" or "Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his convictions of three counts of capital murder, second-degree murder, arson, and four counts of stabbing in the commission of a felony. (ECF No. 1). Ragin, who was sentenced to four life sentences plus sixty years, alleges a number of constitutional, statutory, and international law violations. Respondent Harold W. Clarke ("Respondent") moves to dismiss the Petition, (ECF No. 11), arguing that the Petition is time-barred under 28 U.S.C. § 2244(d) and procedurally defaulted, Resp't Br. Supp. Mot. Dismiss ("Resp't Br.") (ECF No. 12). Along with the motion, Respondent provided the notice to pro se parties required by Local Rule 7(K) and the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Because Ragin's Petition is time-barred, this Report recommends that the court grant Respondent's motion to dismiss.

### I.    STATEMENT OF THE CASE

On June 26, 2014, Ragin was convicted in the Newport News Circuit Court for three counts of capital murder, one count of second-degree murder, arson of an occupied dwelling, and four counts of stabbing in the commission of a felony. Resp't Br. (ECF No. 12, at 1). He was sentenced

to 4 life sentences plus 60 years incarceration. Id. Ragin appealed his conviction to the Court of Appeals of Virginia, arguing that the trial court erred in denying his motion to suppress evidence found in a bedroom in his parents' residence located in South Carolina. Resp't Br., Ex. 1 (ECF No. 12-1, at 2). The Court of Appeals denied his appeal on October 29, 2015. Resp't Br. (ECF No. 12, at 1). Ragin then appealed to the Virginia Supreme Court, which refused his appeal on June 17, 2016 and denied his petition for rehearing on October 6, 2016. Id. Ragin filed a writ of habeas corpus in state court on October 17, 2017, arguing that his trial and appellate counsel were ineffective, the trial court was biased against him, and his due process rights were violated. Id. at 2–3. The Newport News Circuit Court dismissed the petition on August 8, 2019, Ragin did not appeal. Id. at 3. He later filed a petition for a writ of mandamus to the Virginia Supreme Court on August 11, 2020, which was dismissed on January 25, 2021. Resp't Br., Ex. 3 (ECF No. 12-3). His petition for rehearing was denied on March 25, 2021. Resp't Br. (ECF No. 12, at 6). Ragin then filed a petition for a writ of habeas corpus with the Virginia Supreme Court, on July 2, 2021, which was dismissed as untimely on October 18, 2021. Resp't Br. (ECF No. 12, at 3). A petition for rehearing was denied on February 4, 2022. Id. He applied for a writ of certiorari to the United States Supreme Court on August 16, 2021, attempting to appeal the Virginia Supreme Court's decisions on his petition for a writ of mandamus. Pet. (ECF No. 1, at 9). The Supreme Court denied the petition on January 10, 2022, and denied his petition for rehearing on March 21, 2022. Id.

Ragin filed his first federal Petition for a Writ of Habeas Corpus on July 21, 2022, alleging constitutional, statutory, and international law violations, including trial court bias during post-conviction proceedings, violations of Petitioner's due process rights, and ineffective assistance of counsel at both the trial and appellate level. Resp't Br. (ECF No. 12, at 4). Specifically, Ragin

2

alleges that he is unlawfully detained in violation of the Fourteenth Amendment Due Process Clause because the trial judge did not recuse himself and did not hold a hearing in the subsequent habeas proceeding. Pet. (ECF No. 1 at, 16–17). Ragin also alleges numerous violations during trial and appellate court proceedings including ineffective assistance of counsel, prosecutorial misconduct, and the introduction of allegedly false evidence into the record. Id. at 22–23. According to Ragin, he received ineffective assistance of counsel during the trial court proceedings because counsel allowed the state to use false evidence, and during appellate court proceedings because counsel did not raise structural or plain errors and claimed his right to testify was waived. Id. Additionally, he alleges that the presumption of innocence in criminal trials was violated, and that the prosecution failed to prove the *mens rea* required for his convictions. Id. at 18. Ragin also alleges that the Supreme Court of Virginia erred by failing to grant his motion for a writ of mandamus. Id. at 19.

Respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support on September 16, 2022. Resp't Br. (ECF Nos. 11, 12). His motion, which was accompanied by detailed records of Ragin's appellate and post-conviction filings—argues that Ragin's claims are procedurally defaulted and barred from federal review. Id. Ragin responded to the Motion, (ECF Nos. 20, 22), which is now ripe to resolve.

## II. STANDARD OF REVIEW

A motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted) (discussing Fed. R. Civ. P. 12(b)(6)); see also Goard v. Crown Auto, Inc., 170 F. Supp. 3d 915, 917 (W.D. Va. 2016) (noting that a "motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim").

A complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (cleaned up)). Factual allegations cannot require speculation or merely be conceivable. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. This inquiry is "context-specific." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009).

In considering a motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citing Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). The court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)) (cleaned up).

### III. ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Ragin challenges his convictions on numerous constitutional, statutory, and international law grounds. But Ragin is time-barred from raising those claims in federal court, and he offers no valid reason to excuse his untimely filing. This Report thus RECOMMENDS the court GRANT Respondent's Motion to Dismiss, (ECF No. 11), and DISMISS Ragin's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1).

A.    **Ragin's Petition is Time-Barred.**

Under 28 U.S.C. § 2244(d)(1) a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations, which runs from the latest of the date on which: (A) the judgement becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (B) any state-created barrier to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)–(D). If a petitioner declines to seek certiorari in the United States Supreme Court after exhausting all avenues of direct review in state court, the petitioner's judgment becomes final ninety days after final judgment, when the time for seeking Supreme Court review expires. Gonzalez v. Thaler, 565 U.S. 134, 149–50 (2012). The one-year limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

For purposes of federal habeas review, Ragin's convictions became final on January 4, 2017, when the deadline to file a petition of writ of certiorari expired and the federal one-year limitations period began to run. Ragin filed his state habeas petition on October 17, 2017, at which point 286 total days of the federal statute of limitations had run. While his state petition was pending, the statute of limitations was tolled. Tolling ended on August 8, 2019 when the state court dismissed his petition, and the statute of limitations began to run again. It expired 79 days later on October 2, 2019. The petition at issue in this court was filed on July 21, 2022, 1,078 days after his state habeas petition was dismissed; and 1,364 days from the date that Ragin's convictions became final, and 997 days after the federal limitations period expired.[1]

---

[1] The limitations period would have expired on Saturday, October 26, 2019, the following Monday was October 28, 2019.

Ragin argues that the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar his petition because the factual predicate to his claims could not be discovered until August 8, 2019, when his petition for writ of habeas corpus was dismissed in Newport News Circuit Court. Pet. (ECF No. 1, at 13). He claims that, since that date, he has pursued post-conviction and collateral review that warrant tolling. Id. Ragin filed a petition for a writ of mandamus in the Supreme Court of Virginia on August 11, 2020, which was refused on January 25, 2021. Resp't Br., Ex. 3 (ECF No. 12-3). His petition for rehearing was denied on March 25, 2021. Resp't Br., Ex. 3 (ECF No. 12, at 6). He later attempted to appeal this decision by seeking a writ a certiorari with the United States Supreme Court, but was unsuccessful. Pet. (ECF No. 1, at 9).

Ragin's petition for a writ of mandamus does not qualify as a tolling event under § 2244(d)(2) because it does not entail review of the evidence in the case or the sentence. See Wall v. Kholi, 562 U.S. 545, 553 (2011) (holding that "collateral review" under § 2244(d)(2) "means a judicial reexamination of a judgement . . . in a proceeding outside of the direct review process" (emphasis added)). While the petition for the writ of mandamus is technically "outside of the direct review process," Wall, 562 U.S. at 553, it does not involve a "judicial examination" of Ragin's conviction or sentence, id. Accordingly, Ragin is not entitled to statutory tolling. See § 2244(d)(2).

Nevertheless, if Ragin's arguments were correct regarding statutory tolling, his petition would still be time barred. Ragin argues that the factual predicate to his claims could not be discovered until August 8, 2019, when his petition for writ of habeas corpus was dismissed in Newport News Circuit Court. Pet. (ECF No. 1, at 13). However, he did not file the petition for a writ of mandamus to the Virginia Supreme Court until August 11, 2020. Resp't Br., Ex. 3 (ECF No. 12-3). Ragin's petition for a writ of mandamus was filed 369 days after he claims the factual

predicate of the claim could have been discovered,[2] beyond the one-year statute of limitations. See § 2244(d)(1). Ultimately, Ragin's petition was not timely.

**B.  Ragin Presented No Evidence to Warrant Equitable Tolling**

In exceptional cases, equitable tolling of the statute of limitations applies when a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, 544 U.S. 408, 413 (2005). The Fourth Circuit limits equitable tolling to those rare circumstances when impediments external to the petitioner's conduct prevent a timely filing. See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014). Ragin has not argued for equitable tolling, nor is there any evidence in the record to warrant it.

**C.  Ragin Presented Insufficient Evidence of Actual Innocence to Overcome the Time-Bar.**

Petitioner may also overcome a time-bar by making a credible showing of actual innocence, this requires assertion of new, reliable evidence sufficient to persuade the court no reasonable juror would have found him guilty beyond a reasonable doubt. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (noting that this standard is "demanding" and seldom met); Schlup v. Delo, 513 U.S. 298, 327 (1995). To "satisfy the Schlup standard, a petitioner must instead demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice." Teleguz v. Pearson, 689 F.3d 322, 329 (4th Cir. 2012) (citing Schlup, 513 U.S. at 327). Petitioner has not

---

[2] Although Ragin claims the factual predicate was first known at this time, he is mistaken. The predicate he relies on—denial of an evidentiary hearing during his state habeas proceedings is not a new fact giving rise to an additional one-year federal limitations period. See Bryant v. Maryland., 848 F.2d 492, 493 (4th Cir. 1988) (holding that claims of error occurring in state postconviction proceeding could not serve as the basis of federal habeas corpus relief).

7

met this extraordinary burden and has not "support[ed] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

The primary evidence Ragin asserts in his federal petition involves (1) the trial court testimony from the state's witnesses; (2) counsel's failure to raise arguments he alleges were meritorious; and (3) his waiver of his right to testify. Pet. (ECF No. 1, at 20–23). However, none of this is new information. These claims were known to Ragin during his original appeal more than seven years ago. Absent new reliable evidence, such as credible witness statements recanting their testimony, the Court cannot grant Ragin an evidentiary hearing. See Schlup at 324, 327; see also Thomas v. Taylor, 170 F.3d 466, 474–45 (4th Cir. 1999) ("An evidentiary hearing in a federal habeas corpus proceeding is mandatory only where there is a factual dispute which . . . would entitle the petitioner to relief and the petitioner has not received a full and fair evidentiary hearing in state court."). Pro se petitions should be "liberally construed," but the court cannot become "an advocate" by creating claims or allegations inadequately pleaded. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). For these reasons, Ragin has not asserted sufficient evidence of factual innocence to overcome the time-bar.

### IV. CONCLUSION AND RECCOMENDATION

For the foregoing reasons, I conclude that Ragin's claims are time-barred and he has not presented grounds for equitable tolling or sufficient evidence of actual innocence to overcome the time-bar. Accordingly, I RECOMMEND that the Court GRANT Respondent's Motion to Dismiss, (ECF No. 11), and DISMISS Ragin's Petition under 28 U.S.C. § 2254 (ECF No. 1), with prejudice.

## V.     **REVIEW PROCEDURE**

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 15, 2023

9

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing was mailed this date to:

**John Ragin,** #1355505
c/o VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

A copy of the foregoing was provided electronically this date to:

**Craig Winston Stallard**
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

/s/ J.L. Meyers
By_____
Deputy Clerk

March 15
_____, 2023

10