UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN RAGIN (#1355505),

      Petitioner,

v.                                                    Case No. 2:22cv337

HAROLD CLARKE, Director,
Department of Corrections, et al.

      Respondents.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254 submitted by pro se Petitioner John Ragin ("Ragin" or "Petitioner"). Ragin alleges a number of constitutional, statutory, and international law violations pertaining to his 2014 convictions and sentencings in the Newport News Circuit Court for three counts of capital murder, one count of second-degree murder, arson of an occupied dwelling, and four counts of stabbing in the commission of a felony. As a result of the convictions, Ragin was sentenced to serve four life sentences, plus sixty years.

The petition was referred to a United States Magistrate Judge for Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation ("R&R") was filed March 15, 2023, finding that Ragin's claims are time barred and that he has not presented sufficient evidence to excuse the late filing. ECF No. 23. The R&R advised each party of their right to object and the time limit for doing so. On April 3, 2023, the court received Petitioner's objections. The Respondent did not file

any response to the objections, and the time for doing so has now expired.

Petitioner objects to the Court's adoption of the R&R on the basis that his habeas petition is not time-barred, and even if it is, there are reasons to excuse the delayed filing. Obj. at 19–28, ECF No. 24. These objections lack merit. The Court agrees with the Magistrate Judge that Ragin's petition is time-barred—it was filed nearly three years after his limitations period ended. R&R at 5–7; *see also* 28 U.S.C. § 2244(d)(1). Ragin also presents no evidence showing that he was "pursuing his rights diligently" and "some extraordinary circumstance stood in his way" to warrant equitable tolling of the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Finally, the Court agrees with the Magistrate Judge that Ragin cannot avail himself of the miscarriage of justice exception to the time bar because he presents no new evidence of actual innocence. R&R at 7–8; *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013).[1]

The court, having reviewed the record and examined the objections filed by the Petitioner to the Magistrate Judge's Report and having made *de novo* findings with respect to the portion objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed March 15, 2023. It is therefore ORDERED that Respondent's Motion to Dismiss (ECF No. 11) is GRANTED, and Ragin's petition is hereby DENIED and DISMISSED WITH PREJUDICE.

Finding that the basis for dismissal of Petitioner's § 2254 petition is not debatable, and

---

[1] In a subsequent filing submitted on April 21, 2023, Ragin also objects to the Magistrate Judge's failure to address Ragin's ineffective assistance of counsel claim. ECF No. 25. This was proper. Since Ragin's habeas petition is time barred and the equitable tolling and actual innocence exceptions are not applicable, the Court need not reach this underlying claim. Additionally, in this letter, Ragin requests appointment of counsel. This is only warranted in the most "exceptional circumstances," which the Court does not find exist here. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Accordingly, the request is DENIED.

alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). **If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.**

The Clerk is directed to mail a copy of this Final Order to Petitioner and to provide an electronic copy of the Final Order to counsel of record for Respondent.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
August 25, 2023

3